THE NATIONAL CITY BANK OF NEW YORK, demandante y apelado, *v.* MERCEDES DE LA TORRE, FRANCISCO DE LA TORRE y ARTURO O'NEILL, demandados y apelante el segundo.

Núm. 7863.—*Sometido:* Febrero 20, 1939. *Resuelto:* Mayo 12, 1939.

L. *Muñoz Morales* y L. *Lloréns Torres,* abogados del apelante; *Fiddler, Córdova & McConnell,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte de Distrito de San Juan se instituyó un pleito contra Mercedes y Francisco de la Torre en cobro de una obligación solidaria de pagar determinada cantidad de dinero consignada en un pagaré suscrito por los demandados. Se dictó sentencia contra Mercedes de la Torre. Francisco de la Torre excepcionó la demanda. Se desestimó la excepción y no habiendo contestado la demanda dentro del término que se le concedió al resolver la excepción previa, el demandante solicitó la anotación de su rebeldía y que por el secretario se registrase la sentencia correspondiente.

Traducida de la versión inglesa que aparece en *De la Torre* v. *National City Bank,* 91 F. (2d) 399, 401, la sentencia contra Francisco de la Torre dice así:

"Considerada la moción presentada por el demandante en que solicita la anotación de la rebeldía del demandado Francisco de la Torre y que se registre sentencia contra él por la suma principal

más los intereses reclamados en la demanda y especificados en el emplazamiento, más las costas de este litigio, y apareciendo de los autos que el demandado no ha radicado la contestación enmendada a la demanda dentro del término concedido por la orden de esta Corte de enero 30, 1933, y que no ha obtenido prórroga de dicho término, habiendo sido previamente anotada la rebeldía del demandado Francisco de la Torre, el Secretario que suscribe, de conformidad con las disposiciones del párrafo 1 del artículo 194 del Código de Enjuiciamiento Civil de Puerto Rico, registra la presente sentencia condenando al demandado Francisco de la Torre a pagar al demandante The National City Bank of New York la suma principal de $10,398.38. con intereses a razón de 9 por ciento anual desde y a partir del 12 de octubre de 1929 hasta su completo pago, más las costas, desembolsos y honorarios de abogado a que este pleito pueda dar lugar.

"Dada y registrada en San Juan, Puerto Rico, hoy 25 de abril de 1933.

(Fdo.)   Jorge Ortiz Toro,
Secretario."

Apeló el demandado para ante este tribunal, confirmándose la sentencia en rebeldía registrada por el secretario. Apeló una vez más el Sr. de la Torre para ante la corte de Circuito de Apelaciones para el Primer Circuito. Este último tribunal confirmó en todas sus partes la sentencia apelada, pero luego, en reconsideración, la modificó en cuanto a la condena de costas hecha por el secretario, por entender que no era este funcionario sino la corte de distrito quien tenía facultad para hacer tal pronunciamiento. Ordenó la Corte de Circuito que el caso fuese devuelto a la Corte de Distrito de San Juan para que ésta eliminase el pronunciamiento de costas hecho por el secretario sin autoridad de ley y que en el ejercicio de su discreción determinase dicha corte si las costas y honorarios de abogado debían incluirse o no en la sentencia, y que en caso de incluirse estos últimos, fijase su cuantía de acuerdo con lo dispuesto en los artículos 327, según ha sido enmendado, y 339 del Código de Enjuiciamiento Civil.

La sentencia de la Corte de Circuito fué dictada el primero de junio de 1937 y modificada, como se ha dicho, el 11 de agosto siguiente.

El demandante, por moción que radicó al efecto, solicitó de la corte inferior el pronunciamiento de costas y honorarios en relación con dicha sentencia e incluyó en la misma moción su memorándum de costas. Radicó una oposición el demandado. Señalada la vista de la moción del demandante y luego de oír a las partes, la corte de distrito dictó una sentencia enmendando la registrada por el secretario, anteriormente transcrita. Consistió la enmienda en eliminar de la sentencia en rebeldía la condena de costas y honorarios de abogado, haciendo la corte un nuevo pronunciamiento condenando al demandado al pago de las costas y $800 por concepto de honorarios de abogado. Desestimó, sin embargo, el memorándum de costas por estimar que había sido radicado prematuramente.

La sentencia, según fué modificada por la corte inferior, dice así:

"Por los fundamentos de su opinión unida a los autos de este caso, y en cumplimiento del mandato de la Corte de Circuito de Apelaciones del Primer Circuito y la Resolución de la Corte Suprema de Puerto Rico de febrero 17 de 1938, esta Corte ordena que de la sentencia registrada por el secretario en este caso de fecha 25 de abril del 1938 contra el demandado Francisco de la Torre se eliminen las frases 'más las costas, gastos y honorarios de abogado que este pleito origine'; insertándose en su lugar 'más las costas y honorarios de abogados que se fijan en la cantidad de $800'; quedando por tanto dicha sentencia del 25 de abril del 1933 redactada en la forma siguiente:

" 'Vista la moción presentada por la demandante, en la cual se solicita la anotación de la rebeldía del demandado Francisco de la Torre y que se registre sentencia contra él, por la cantidad de principal e intereses reclamados en la demanda y especificados en el emplazamiento, más las costas de este caso, y apareciendo de los autos que el demandado no ha presentado contestación enmendada a la demanda dentro del término concedido por resolución de esta Corte, de 30 de enero de 1933, y que no ha obtenido prórroga de dicho término, y habiéndose anotado la rebeldía del demandado Francisco de la Torre, el Secretario que suscribe, de acuerdo con lo dispuesto en el inciso primero del artículo 194 del Código de Enjuiciamiento Civil de Puerto Rico, REGISTRA la presente sentencia, condenando al

demandado Francisco de la Torre a pagar al demandante, The National City Bank of New York, la suma principal de $10,398.38, con intereses al 9 por ciento anual desde octubre 12 de 1929, hasta su completo pago, más las costas y honorarios de abogado que se fijan en la cantidad de OCHOCIENTOS DÓLARES ($800.00.)'

"Dada en Cámara, en San Juan, P. R., hoy día 15 de julio de 1938.

(Fdo.) M. Romany,
Juez.''

Contra la sentencia así modificada interpuso el demandado el presente recurso, y luego de cinco prórrogas que solicitó, radicó finalmente su alegato el 22 de diciembre de 1938, en el que imputa a la corte inferior dos errores, a saber:

"*Primero:* La Corte de Distrito en su sentencia de 15 de julio último cometió un error fundamental al condenar al demandado Francisco de la Torre al pago de costas y honorarios de abogado, por ser inconstitucional y nula la ley número 69 de la Legislatura de Puerto Rico aprobada en 11 de mayo de 1936 en que dicha condena se funda.

"*Segundo:* La Corte de Distrito en su mencionada sentencia cometió otro error fundamental al condenar solamente al demandado apelante Francisco de la Torre, individualmente, en vez de serlo solidaria y mancomunadamente."

En el primer señalamiento de error se impugna la constitucionalidad de la Ley núm. 69, aprobada el 11 de mayo de 1936 (Leyes de 1936 (1) pág. 353), en que según el apelante fundó la corte inferior la condena de honorarios de abogado. Sostiene que el título de dicha ley infringe el apartado 9 de la sección 34 del Acta Orgánica de Puerto Rico, que dice así:

"Ninguna ley será restablecida o enmendada, ni se dará mayor alcance a sus disposiciones, ni se conferirán las facultades en ella contenidas, haciendo referencia a su título solamente, sino que toda la parte de ella que sea restablecida, enmendada, extendida o conferida será decretada nuevamente y publicada en su totalidad."

Según el apelante, el título de la Ley núm. 69, de 11 de mayo de 1936, supra, debió haber sido redactado así: "Ley

para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil, tal como quedaron enmendados respectivamente por las leyes de 12 de marzo de 1908 y de 12 de abril y 19 de noviembre de 1917, y para otros fines.''

Al señalar y discutir el primer error, el apelante parte de una premisa falsa. Hemos tenido buen cuidado de consignar que la sentencia de la Corte de Circuito de Apelaciones fué dictada el 11 de agosto de 1937 y que la que es motivo de este recurso se dictó el 15 de julio de 1938. Ahora bien, el 11 de mayo de 1937 fué aprobada la Ley núm. 94 de nuestra Asamblea Legislativa, que empezó a regir a los noventa días de su aprobación, y cuyo título literalmente dice así:

''LEY

''Para enmendar el artículo 327 del Código de Enjuiciamiento Civil de Puerto Rico, según quedó enmendado por la Ley núm. 69 de 11 de mayo de 1936, y para otros fines.''

Al dictar la Corte de Circuito de Apelaciones la sentencia en reconsideración el 11 de agosto de 1937, habían transcurrido noventa y dos días desde que se aprobó la Ley núm. 94, supra. (Artículo 8, Código Civil, ed. 1930.) Por consiguiente, la ley aplicada por la Corte de Circuito de Apelaciones y la de Distrito de San Juan en 11 de agosto de 1937 y 15 de julio de 1938 respectivamente, no fué otra que la que regía en esta isla desde el 9 de agosto de 1937, es decir, la núm. 94 de 11 de mayo de 1937 (Leyes de ese año, pág. 239), que no ha sido objeto de impugnación por el apelante y cuyo título, como hemos visto, no adolece del vicio que se le imputa.

El segundo señalamiento de error no merece seria consideración. Basta comparar la sentencia en rebeldía registrada por el secretario con la dictada por la corte inferior el 15 de julio de 1938, para concluir que el juez que dictó esta última no hizo otra cosa que seguir estrictamente la norma que le fué señalada por la Corte de Circuito de Apelaciones, y al hacerlo así actuó correctamente, pues él no podía

en manera alguna enmendar la sentencia del tribunal superior que constituye la ley del caso.

*No existiendo ninguno de los dos errores señalados por el apelante, procede desestimar el recurso y confirmar la sentencia apelada.*